UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
§
SCHABB, TIMOTHY R. § Case No. 13-46654
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter  of the United States Bankruptcy Code was filed on . The undersigned trustee was appointed on .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of        $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]        $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $\_\_\_\_\_ as interim compensation and now requests a sum of $\_\_\_\_\_, for a total compensation of $\_\_\_\_\_[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $\_\_\_\_, and now requests reimbursement for expenses of $\_\_\_\_, for total expenses of $\_\_\_\_[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Elizabeth C. Berg_____
                                           Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1 - TIMOTHY SCHABB
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Page: 1

Exhibit A

| Case No: | 13-46654 | CAD | Judge: CAROL A. DOYLE | Trustee Name: | Elizabeth C. Berg |
| Case Name: | SCHABB, TIMOTHY R. | | | Date Filed (f) or Converted (c): | 12/04/13 (f) |
| | | | | 341(a) Meeting Date: | 12/30/13 |
| For Period Ending: | 11/25/14 | | | Claims Bar Date: | 05/30/14 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Real Property commonly known as 463 independence A | 220,000.00 | 0.00 | | 0.00 | FA |
| 2. Primary residence commonly known as 1537 S. Pembro | 170,000.00 | 0.00 | | 0.00 | FA |
| 3. Checking account with Chase Bank | 2,000.00 | 2,000.00 | | 2,000.00 | FA |
| 4. Household goods and furnishings | 500.00 | 0.00 | | 0.00 | FA |
| 5. 401K with fidelity. | 35,000.00 | 0.00 | | 0.00 | FA |
| 6. Potential personal injury lawsuit. | 0.00 | 0.00 | | 0.00 | FA |
| 7. 2002 Dodge Ram with 125,000 miles, recently damage | 1,000.00 | 0.00 | | 0.00 | FA |
| 8. 2003 Harley Davidson Heritage Softtail with 23,000 | 6,500.00 | 3,700.00 | | 1,716.00 | FA |
| 9. Tax Refund (u) 2013 State Tax Refund | 0.00 | 284.00 | | 284.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)       $435,000.00       $5,984.00       $4,000.00       $0.00

(Total Dollar Amount in Column 6)

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

**FORM 1 - TIMOTHY SCHABB**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2

Exhibit A

| | | |
|---|---|---|
| Case No: | 13-46654    CAD    Judge: CAROL A. DOYLE | Trustee Name:    Elizabeth C. Berg |
| Case Name: | SCHABB, TIMOTHY R. | Date Filed (f) or Converted (c):    12/04/13 (f) |
| | | 341(a) Meeting Date:    12/30/13 |
| | | Claims Bar Date:    05/30/14 |

October 29, 2014: Trustee reviewed the Debtor's Assets and found there to be non-exempt equity in the Debtor's bank account, 2013 state and federal income tax refunds, and 2003 Harley Davidson motorcycle. Trustee obtained a turnover order for the non-exempt value of the assets. After lengthly delays by the Debtor's Counsel, Trustee obtained turnover of the value of the assets directly from Debtor. Trustee has reviewed claims, will file her Final Report, and distribute funds. Expects to file TFR by year-end.

Initial Projected Date of Final Report (TFR): 12/30/14       Current Projected Date of Final Report (TFR): 12/30/14

/s/    Elizabeth C. Berg
_____    Date: 11/25/14
       ELIZABETH C. BERG

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No: | 13-46654 -CAD | | Trustee Name: | Elizabeth C. Berg |
| Case Name: | SCHABB, TIMOTHY R. | | Bank Name: | Associated Bank |
| | | | Account Number / CD #: | *******6164 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******2154 | | | |
| For Period Ending: | 11/25/14 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform Tran. Code | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 09/16/14 | 3, 8, 9 | TIMOTHY R SCHABB<br>529 SHENANDOAH TRAIL<br>ELGIN, IL 60123-2645 | TURNOVER- VALUE OF NONEXEMPT ASSETS | 1129-000 | 4,000.00 | | 4,000.00 |
| 10/07/14 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 10.00 | 3,990.00 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | 4,000.00 | 10.00 | 3,990.00 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 4,000.00 | 10.00 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 4,000.00 | 10.00 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Checking Account (Non-Interest Earn - *******6164) | 4,000.00 | 10.00 | 3,990.00 |
| | ----------------------- | ----------------------- | ----------------------- |
| | 4,000.00 | 10.00 | 3,990.00 |
| | ============= | ============= | ============= |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals 4,000.00 10.00

Page 1

EXHIBIT C - SCHABB
ANALYSIS OF CLAIMS REGISTER

Date: November 25, 2014

Case Number: 13-46654
Debtor Name: SCHABB, TIMOTHY R.

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001 2100-00 | Elizabeth C. Berg, Trustee c/o Baldi Berg, Ltd. 20 N. Clark Street #200 Chicago IL 60602 | Administrative | | $1,000.00 | $0.00 | $1,000.00 |
| 001 3110-00 | Baldi Berg, Ltd. 20 N. Clark Street, Ste. 200 Chicago, IL 60602 | Administrative | | $1,000.00 | $0.00 | $1,000.00 |
| 000001 080 7200-00 | Chase Bank USA, N.A. c/o Kevin C. Driscoll, Jr., Barnes & Thornburg LLP, 1 North Wacker Drive, Suite 4400, Chicago, IL 60606 | Unsecured | | $17,920.64 | $0.00 | $17,920.64 |
| 000002 080 7200-00 | Chase Bank USA, N.A. c/o Kevin C. Driscoll, Jr., Barnes & Thornburg LLP, 1 North Wacker Drive, Suite 4400, Chicago, IL 60606 | Unsecured | | $7,380.94 | $0.00 | $7,380.94 |
| | Case Totals: | | | $27,301.58 | $0.00 | $27,301.58 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-46654
Case Name: SCHABB, TIMOTHY R.
Trustee Name: Elizabeth C. Berg

　　　　Balance on hand　　　　　　　　　　　　　　　　　　　　$

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Elizabeth C. Berg | $ | $ | $ |
| Attorney for Trustee Fees: Baldi Berg, Ltd. | $ | $ | $ |

　　Total to be paid for chapter 7 administrative expenses　　　　$_____
　　Remaining Balance　　　　　　　　　　　　　　　　　　　$_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $　　　must be paid in advance of any dividend to general (unsecured) creditors.

　　Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

NONE

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Chase Bank USA, N.A. | $ | $ | $ |
| 000002 | Chase Bank USA, N.A. | $ | $ | $ |

Total to be paid to tardy general unsecured creditors       $_____

Remaining Balance       $_____

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE